P. W. MILLER, Appellee, v. R. V. McCUTCHAN, Appellant.

**COVENANTS:** Insufficient Evidence of Damages. Damages for breach
1   of a warranty because of the existence of a lease on the property
    are not established by evidence tending to show that plaintiff, in
    selling the property, allowed the purchaser a stated sum, to over-
    come the latter's objections to the lease.

**DAMAGES:** Failure to Furnish Loan—Evidence. Evidence held suf-
2   ficient to justify the jury in rejecting a claim for damages caused
    by defendant's failure to furnish a loan, as per agreement.

**APPEAL AND ERROR:** When Appeal Lies—Order in re Cost Bond.
3   Appeal will not lie from an order refusing to increase the amount
    of a cost bond.

*Appeal from Lee District Court.*—J. E. CRAIG, Judge.

SEPTEMBER 28, 1921.

REHEARING DENIED JANUARY 17, 1922.

ACTION at law, to recover damages for alleged breach of
contract for the exchange of property, and for other damages
alleged to have been occasioned to the plaintiff by false repre-
sentations by the defendant. There was a jury trial. Verdict
and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*John M. Rankin* and *Hughes & Dolan,* for appellant.

*Herminghausen & Herminghausen,* for appellee.

WEAVER, J.—The plaintiff, owning certain property known
as the "Cook Block" in New London, Henry County, Iowa, and
defendant, owning a tract of land in Marion County, Missouri,
entered into a written contract for the exchange of said prop-
erties, by the terms of which defendant was to pay plaintiff the
sum of $2,500 "boot money." Both properties were incumbered,
and by the terms of the exchange, plaintiff agreed to furnish
defendant a loan of $7,000, and the defendant, in turn, agreed to
furnish plaintiff a loan of $8,000, the purpose of this agreement

being to enable the parties to care for existing incumbrances. Each was to furnish the other a merchantable title to the property conveyed, and to pay the taxes accrued thereon, and "all insurance upon the properties was to be transferred."

In pursuance of the contract, plaintiff conveyed the "Cook Block" to defendant, the deed containing a clause excepting from the warranty a mortgage debt to the amount of $7,000.

The defendant having failed to pay the agreed difference, plaintiff brought this action at law, to recover the same. In addition thereto, he demanded damages because of an alleged shortage in the measurement of the Missouri land, for false representations made by the defendant in inducing him to enter into the contract, and for failure to pay taxes and insurance.

The defendant, in answer to these claims, admits the making of the contract, and that the "boot money" has never been paid, but seeks to avoid payment by a plea of counterclaims, which, if allowed, will more than equal his admitted debt. The principal items of counterclaim are: (1) That the incumbrance on the "Cook Block" which was excepted from the plaintiff's warranty was limited to $7,000, but that the amount defendant was required to pay to remove the lien exceeded that sum to the extent of $789.42, which excess is now due from the plaintiff; (2) that there was a further breach of the plaintiff's warranty, in that there was an outstanding lease of the "Cook Block," by which defendant sustained damage in the sum of $3,000; (3) that plaintiff failed to furnish defendant a loan of $7,000 on the Cook Block, and defendant was obliged to obtain it elsewhere, to his damage in the sum of $854.64; (4) that plaintiff falsely and fraudulently misrepresented to defendant the value and rental income of the Cook Block, and that defendant, relying thereon, was induced to make the exchange, to his damage in the further sum of $6,000; and (5) a claim on an account in favor of the Farmers' Bank of New London against the plaintiff, alleged to have been assigned to the defendant.

The plaintiff does not, in this court, contest the defendant's counterclaim for the excess of the lien on the Cook Block over the agreed amount of $7,000, but takes issue on all the other items. There was a jury trial, and verdict and judgment for plaintiff for $2,079.03. The defendant appeals.

I.   We shall take no time in discussing the details of the charges of misrepresentation and fraud made by each party against the other.   There was no evidence on which to justify a finding of damages on this ground in favor of either party, and the trial court might well have so ruled on its own motion, and withdrawn these issues from the jury.   But it is clear from the record that the jury fairly appreciated the situation, and did not find either charge to have been sustained; and, in so far as the errors assigned have reference to these issues, we shall not discuss them.

II.   Again, we think it unnecessary to consider assignments of error as to the counterclaim for the excess of the mortgage lien in the Cook Block over the contract amount of $7,000.   While it is true that the plaintiff, in pleading, took issue on that claim, the evidence showed without dispute that the lien assumed by defendant was limited to $7,000, and he was required to pay thereon an excess of $789.42.   The trial court charged the jury that defendant was entitled to recover the amount so paid in excess of $7,000, and there is nothing in the record to indicate that the jury disregarded the instruction in this respect.   On the contrary, it is quite apparent that defendant was given his proper credit on this item.

III.   On the defendant's claim for damages to the amount of $3,000 for breach of warranty in the conveyance by plaintiff, by reason of the existence of an outstanding lease, the court charged the jury that the lease was an incumbrance against which defendant was entitled to the protection afforded by plaintiff's warranty,

1. COVENANTS: insufficient evidence of damages.

and that defendant was entitled to recover what he had paid, if anything, to discharge or remove such incumbrance.   This was a correct abstract statement of the law, but was more favorable to the defendant than he was entitled to, under the record made. There is no evidence that defendant has paid or removed the incumbrance.   The testimony on which he relies, to recover in this action, is that, in making a subsequent trade of the property, the purchaser raised an objection because of the lease, and that he (defendant) made such purchaser an allowance of $3,000 in the trade on that account.   Such a state of facts is insufficient to sustain a finding of recoverable damages.   He does not claim to

have removed the incumbrance or to have been put to any expense on account thereof, and even if we were to assume or to hold him entitled to prove that the market value of the property was unfavorably affected by the lease, the fact that he had made some concession on that account, to clinch a trade with a third person, would be no evidence in support of such claim. There is, therefore, no testimony to support a finding for defendant on this counterclaim, for anything more than nominal damages.

IV.   Neither can it be said that a finding by the jury against the defendant on his claim for damages because of plaintiff's failure to negotiate a loan of $7,000 on the Cook Block is not sustained by the evidence.   The promise to procure a loan specifies nothing except the amount, nothing being stipulated as to time of maturity or rate of interest.   The jury could also find that defendant not only never called upon plaintiff to procure it, but rather that defendant took the matter into his own hands, because he desired to increase the loan materially beyond the sum of $7,000. Indeed, if we turn to his pleading, the only injury he alleges to have suffered by having to procure the loan himself was in the fact that, to obtain it, he was required to pledge as security the rents accruing upon the property, by reason of which he says he was "deprived of the rents of the premises for that period, and thereby damaged in the sum of $854.64." How this served to "deprive him" of the rents, is difficult to understand. If they were collected by or paid over to the mortgagor, they operated as payments *pro tanto* on his debt, and he had the benefit thereof, the same as if such payments had been made directly to himself.   This counterclaim, as stated, shows no right of action or recovery against the plaintiff, and a verdict thereon for the defendant would be without support.

2   DAMAGES: failure to furnish loan: evidence.

V.   Many exceptions were taken and errors assigned upon the charge to the jury and upon the trial court's refusal to give other requested instructions.   The charge is not faultless; but, in so far as it is open to criticism, the errors are principally of a technical character, and without prejudice to the appellant. We think it unnecessary to prolong this opinion for their further consideration.

VI.  The real controversy turns upon questions of fact, concerning which the evidence of the parties is in conflict.  The issues of fact thus made were for the jury, and have been found against the appellant.·  There is no such showing of merit or equity or of convincing facts or circumstances as to suggest the conclusion that a new trial is required in the interest of substantial justice.  The verdict is such as indicates the conclusion that defendant ought to pay the boot money according to his contract, subject to proper credit for the excess' of the lien on the Cook Block; and in this respect we think the jury did not go astray.  If the other items of claim and counterclaim were rejected by the jury, or by them set off one against the other, as unimportant makeweights tossed into the judicial scales by the respective parties, we cannot say that their verdict was erroneous.

VII.  The appellant assigns as reversible error the overruling of his motion to increase the cost bond required of the nonresident plaintiff from $50 to $500.  It seems hardly necessary to say that the amount of a cost bond, if one be required, is wholly within the discretion of the court, and the ruling here complained

3. APPEAL AND ERROR: when appeal lies: order *in re* cost bond.

of is not appealable.  It may also be added that, the judgment in favor of plaintiff being now affirmed, defendant will be relieved of any anxiety by reason of the court's refusal to increase the penalty of the bond.

Other assignments of error not expressly mentioned or separately discussed by us are necessarily controlled by the conclusions we have hereinbefore announced.

We find no reversible error in the record, and the judgment below is, therefore,—*Affirmed*.

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.